No. 9.—CHARLES R. SIMMONS, plaintiff in error, *vs.* HOSEA A. BENNETT, defendant in error.

[1.] Property may claimed by a third person, not a party to an attachment, at any time before a sale of the property.

Claim, &c. in Jackson Superior Court. Tried before Judge JACKSON, February Term, 1856.

Hosea A. Bennett, as plaintiff in an attachment, levied on certain property which was claimed by Charles R. Simmons. This claim was not interposed until after judgment on the attachment. Issue was joined on the claim. At the trial, on motion, the Court dismissed the claim, on the ground that it was not entered before judgment on the attachment. This decision is assigned as error.

C. PEEPLES, for plaintiff in error.

THURMOND; MILLICAN, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] Under the Provincial Act of 1761, the garnishee alone could claim property attached, and unless he did it at the return term of the attachment, the property levied on was to be presumed to be the property of the absent debtor. Third persons owning the property attached, not being garnishees, were left to their action at Law. (*Watkins' Dig.* 69, 70.) By the Act of 1814, any person owning the property attached, not being a party to the attachment, was authorized to claim it; and the Statute intended to designate the *officer* and not the *individual* to whom the claim bond should be executed. The Sheriff or Constable is to return the fact of such claim (the claim) to the Court (not the *term* of the Court) to which the attachment shall be made returnable, and the claim is to be tried at the same term, unless sufficient cause be shown to induce the Court to continue the case. This provision does not differ from the act regulating claims in ordinary cases. They are required to be tried at the first term, unless cause be shown for a continuance. The object of both acts is the same—to speed the trial. No imparlance is to be allowed, but the pleadings are to be made up at once and the parties are to proceed with the trial.

The Act of 1761 left the owner of the property attached, if he was not the defendant in attachment, to his action at Law; the Act of 1814 gives him a simpler and less expensive remedy, and there is no reason wherefore he should not avail himself of it, at any time before the title passes to another by a sale under the levy.

Indeed, the order of sale, after plaintiff's judgment on the

attachment, was the Sheriff's writ of execution, and the Act. directs him to sell in like manner as if the property had been. taken under execution.    It is, therefore,. the. opinion of this: Court that the claim was properly interposed ;. and the judg— ment of the Court below must be reversed.